Davis *et al. vs.* The State of Georgia.

In the statute making it criminal to knowingly and wilfully obstruct, resist or oppose any sheriff, coroner or other officer of this state, or other person duly authorized, in serving or attempting to serve or execute any lawful process, the word " obstruct" must be construed with reference to the other words, " resist or oppose," which imply force.  The crime consists in obstructing, resisting or opposing an officer, not merely in impeding or defeating the execution of the process with which the officer is armed.  Therefore, where a sheriff levied on certain oxen, and left them in a field under the care of an agent, and the person claiming to own them, together with another, privately took and carried them to an adjoining county in the absence of the sheriff, this did not constitute the crime of obstructing an officer in the execution of legal process.  JACKSON, C. J., dissenting.

April 20, 1886.

Criminal Law.  Words and Phrases.  Larceny.  Before Judge LAWSON.  Wilkinson Superior Court.  April Term, 1885.

Reported in the decision.

J. C. BOWEN; W. A. LOFTON, by JOHN C. REED, for plaintiffs in error.

ROBERT WHITFIELD, solicitor general, by J. H. LUMPKIN, for the state.

BLANDFORD, Justice.

The plaintiffs in error were indicted, tried and found guilty by the superior court of Wilkinson county for obstructing an officer in the execution of legal process.

The testimony showed that the sheriff had levied a writ of execution on two oxen as the property of the defendant in execution, and that he caused the same to be placed in a field belonging to a friend of his, whom he constituted his agent, to take care of the property, and the plaintiffs in error privately took and carried the oxen to an adjoining county in his absence, and the court held that these acts of the accused were obstructing an officer in the execution of legal process within the meaning of the statute, as contained in §4476 of the Code. This ruling is excepted to, and this is the error assigned.

The section referred to declares, " If any person shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner or other officer of the state, or other person duly authorized in serving, or attempting to serve or execute, any lawful process," etc. The word "obstruct" must be construed with reference to the other words in the statute—" resist or oppose." It is found in the same company with resist and oppose, which mean force. The word obstruct means to oppose, according to Webster; to obstruct an officer means to oppose that officer. It does not mean to oppose or impede the process with which the officer is armed, or to defeat its execution, but that the officer himself shall be obstructed. It is opposition to the officer, and these words, obstruct, resist or oppose, have nearly the same meaning, as used in the statute, and the word oppose would cover the meaning of the words resist or obstruct as they are therein used, and they all mean the same thing.

In this case that which the plaintiffs in error did was not to oppose the officer, but it was to defeat the execution of the process by committing the crime of simple larceny. The cattle were rightfully in the possession of the sheriff,

and he had such a qualified property in the same as to make it a larceny for any one to take and carry away the property with intent to steal the same. The plaintiffs in error should have been indicted for simple larceny, and not for the offense for which they were indicted.

Judgment reversed.

Hall, Justice, concurred, but furnished no written opinion.

Jackson, Chief Justice, dissented, but furnished no written opinion.