## WIMBISH v. THE STATE.

1. The ownership of personal property, in an indictment for larceny, may be laid in a bailee having possession of the property when it was stolen, though the bailment was gratuitous. A like description of ownership of personal property mentioned in an indictment for burglary, is sufficient.
2. A witness who is not an expert is incompetent to testify to the identity of handwriting, if his opinion is founded wholly upon a comparison of a signature which he knows to be genuine with the one which is in question. It makes no difference that he saw the genuine signature executed, unless he also testifies that by that means or some other, he knows or would recognize the handwriting of the person who executed it. Code, §3839.
3. The court erred in not granting a new trial. *Judgment reversed.*
May 16, 1892.

Criminal law. Indictment. Bailment. Witness. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1891.

The indictment charged Wimbish with burglary in breaking and entering the bar-room of Marshall with intent to steal, and after breaking and entering, stealing therefrom some money, a pistol and a lot of cigars and whisky, the property of Marshall, on August 21, 1891, in Fulton county. There was a verdict of guilty; defendant's motion for a new trial was overruled, and he excepted. Among the grounds of the motion were the following:

Error in admitting, over defendant's objection, the

following evidence of Marshall: "I discovered that the rear of the store had been broken into, and that the pistol, the property of Mr. Pelot, was taken out of the storehouse. It was left there with me in my charge. Left it there for me to sell if I could." Defendant objected to the testimony about the pistol belonging to Pelot, as there was no accusation in the indictment about a pistol belonging to Pelot having been stolen. To this the court replied: "He was the bailee of it. Objection overruled." It is alleged that this was error because of the above objection, and because the court held Marshall to be a bailee, he being no bailee, nor "such bailee as had an indictable interest in such pistol."

Pelot, a policeman, testified: "I have seen that [piece of paper] before. A negro boy locked up in the cell with Wimbish on a charge of being drunk had it. When he came out he offered that note to me. I took the note and went back to the station-house and asked him (Wimbish) if he could write. He told me he could, and I asked him to write his name and gave him this piece of paper [exhibiting another paper], and he wrote his name on there, and I compared his name with the name on the back and asked him if he would deny the note. He tucked his head down and walked back into the cell." (The note was: "Will you be my witness? Come up to-morrow and tell you saw me bought that pistol; come, Henry, come"—signed on the other side, " Scott Wimbish.") The witness was asked: "Comparing those two signatures, would you say it was the same handwriting?" Defendant's counsel objected, as the witness was not an expert. By the court: " He can give his opinion based upon the facts." Defendant's counsel: "As I understand the law, the witnesses give the facts and the jury the opinion." By the court: "This card he got from a boy who came out of the cell—the cell with Scott; and then with a view to see if he was the

writer of it, he got him to write his name. Now he is asked to testify, having seen him write, if it is the same handwriting." Defendant's counsel renewed the objection, and the objection was overruled. This is alleged to be error, because the court ruled that the witness, not being an expert, could give his opinion based upon the facts, that is, upon a comparison of signatures; and because the court expressed an opinion as well as a ruling in the language of the court above quoted, there being no such evidence or evidence of such facts, nor any evidence that the witness had seen defendant write. In a note to this ground the court states that what was said was simply a ruling by the court, based on what had been testified and in explanation to counsel.

The court charged: "Now a point is made in reference to the pistol in question not being the property of Mr. Marshall, it being alleged, among other pieces of property, to be the property of Mr. Marshall. If you believe from the evidence that this pistol was entrusted by Mr. Pelot to Mr. Marshall, that is a qualified property in it, which would make it proper for it to be alleged that it was his property. If this was not the case, should you believe from the evidence, that other goods were stolen at the same time, and that this defendant admitted that he had (at the same time that he had the pistol) goods of the character of the others, there would be no defect in the allegation as to whose the property was, because property may be burglarized, and not mentioned. Any property that was taken at the same time of the property mentioned, may be given in evidence for the jury to judge of it, as to whether the defendant committed the burglary of the property alleged or not. So, gentlemen, this is the law of the case as I understand it, and which you are to take from me and apply it to the evidence." This is alleged to be error, in that, (1) delivering the pistol by Pelot to Marshall in the way

and for the purpose stated under the evidence, did not create a qualified property in Marshall sufficient to base the indictment on; (2) defendant's admitting that he had, at the time he had the pistol, goods of the character of the others, did not cure the defect in the allegation that the pistol was Marshall's; and (3) the charge was confused and apt to and did mislead the jury to defendant's hurt.

JOHN W. COX, for plaintiff in error.

C. D. HILL, solicitor-general, by HARRISON & PEEPLES, contra.