## THOMAS v. THE STATE.

It is indispensable to the maintenance of a conviction for larceny, that the indictment allege the ownership of the property stolen, or that the owner thereof is unknown; and the indictment failing to allege either, a motion in arrest of judgment should be sustained.

June 10, 1895.

Indictment for simple larceny. Before Judge CALLA-WAY. Richmond superior court. April term, 1895.

CHARLES A. PICQUET, for plaintiff in error. W. H. DAVIS, solicitor-general, by FELDER & DAVIS, *contra*.

ATKINSON, Justice.

The defendant was indicted for the offense of simple larceny. The indictment charged that on a given day, in a certain county, he wrongfully and fraudulently took and carried away, "with intent to steal the same, one brindle cow with crumple horns of the value of ten dollars Jesse Collier then and there, contrary to the laws of said State," etc. After conviction, he moved in arrest of judgment, upon the ground that the indictment failed to allege the ownership of the property alleged to have been stolen; which motion the court overruled, and exception being taken thereto, we are now to inquire if the judgment complained of be erroneous. Larceny is defined to be the wrongful and fraudulent taking and carrying away the personal goods of another, with intent to steal the same. That the goods taken and carried away should be the property of a person other than the one so taking and carrying them away, is as essential to the commission of the offense of larceny as the taking and carrying away itself. This is one of the essential ingredients of the offense inhering in the very definition of larceny; and the reason of the general rule that the indictment should either allege the ownership of the property or that the owner is unknown,

is to the end that the court may judicially determine that the property alleged to have been stolen was not in fact the property of the person accused, and therefore that the taking and carrying away were wrongful. Under the peculiar requirements of our statute, providing, amongst other things, that the indictment for larceny of cattle should so describe the animal as that it would be capable of being identified by the owner, another reason arises why the ownership is necessary to be alleged. The capability of identification by the owner is the test of the sufficiency of the descriptive averments, and it might become important in the course of a trial to test its sufficiency by the testimony of the owner. Therefore, in this kind of a case, there is, as stated, another reason why the indictment should point out the person to whom this test is to be applied. In this particular case, the indictment fails to make any allusion whatever to the ownership of the property, and it is therefore wholly and hopelessly defective. It is no such defect of form as is curable by verdict, but it is a defect of substance that goes to the very gist of the offense. Without it, the indictment fails wholly to allege the violation of a public statute punishable as a criminal offense; a judgment pronounced thereon is unsupported by the record, and the motion in arrest of judgment should have prevailed.

Let the judgment of the court below be    *Reversed.*