## HENRY v. THE STATE.

1. Where by special contract a chattel is pledged by one as security for his debt, the pledgee has a special property in the thing pledged; and when the pledgor takes the property from the pledgee's control and possession with a fraudulent intent of depriving the pledgee of the security, he may be convicted of larceny under a charge of stealing property belonging to the pledgee.
2. There was sufficient evidence in the present case to show such a delivery of the property as to constitute a valid pledge in law and to authorize a conviction of the accused for stealing the same.

Submitted April 23,—Decided May 11, 1900.

Accusation of larceny from the house.　Before Judge Hobbs. City court of Albany.　March 5, 1900.

D. F. Crosland, for plaintiff in error.
John D. Pope, solicitor, contra.

Lewis, J.　Sherman Henry was placed upon trial in the city court of Albany, upon an accusation charging him with entering the dwelling-house of one Tempie Mack with intent to steal, and with wrongfully, fraudulently, and privately taking and carrying away therefrom, with intent to steal the same, one suit of clothes and one bicycle of the value of fifteen dollars, the personal property of said Mack.　To this accusation he pleaded not guilty.　Briefly stated, the following is the substance of the testimony introduced on the trial: Tempie Mack, the prosecutrix, testified that the accused came to her to engage board.　She replied to him that he would have to pay her in advance, as she had lost so much by boarders.　Accused replied that he had a trunk full of clothes and a bicycle, and that he would deliver them to her as security for the board.　This conversation took place during the day, and that night the accused came back to the home of prosecutrix, bringing with him his trunk and bicycle, and said, "Here is a suit of clothes that cost me $8.00, and a bicycle, that I turn over to you as security for my board." She accordingly received these chattels, and had them placed in a room in her house occupied by her son.　The accused also was assigned to this room, where he lodged as a boarder.　He kept the key to his trunk, wore the clothes, and rode the bicycle occasionally. In the trunk was a new suit of clothes.　He agreed to pay $2.00 per week for board, and he remained in the house as a boarder a little over three weeks, for which he was due $7.00.　A demand was made on him for the money.　He left the house, leaving the bicycle and trunk therein.　Two or three days afterward the landlady missed the bicycle.　She then examined his trunk, and found the new suit of clothes had also been taken away.　It further appeared from the testimony that the accused had sold the bicycle, and was wearing the new suit of clothes in another place where he was engaged in work.　The accused introduced no evidence, but made a statement, in which he admit-

ted that he told the landlady his trunk and clothes would be responsible for his board, but denied delivering them to her, stating that he kept the key to his trunk, wore his clothes, and rode his bicycle whenever he wished; said he did not intend to steal anything, but he put on the new suit of clothes to attend to a job in Arlington, where he was working when arrested, and simply desired to make some money so that he could pay his board. The judge of the city court, before whom the case was tried without a jury, after hearing the evidence, found the accused guilty; whereupon he made a motion for a new trial, on the general grounds that the verdict was contrary to law and evidence. To the judgment of the court overruling this motion the accused excepts.

1. There can be no question about the soundness of the proposition that property stolen from a bailee may be charged in an indictment to be his property, and authorities have even gone to the extent of holding that property stolen from one who had himself stolen it could be alleged as his. It is equally true that property in the hands of a bailee may be stolen by the general owner. Clark's Criminal Law, 246-7; 18 Am. & Eng. Enc. L. 598-9. In the case of *Wimbish* v. *State,* 89 *Ga.* 294, it was decided by this court that "The ownership of personal property, in an indictment for larceny, may be laid in a bailee having possession of the property when it was stolen, though the bailment was gratuitous." In *Davis* v. *State,* 76 *Ga.* 721, it appears that the accused was indicted for obstructing an officer in the execution of legal process. It seems that, after a levy of a fi. fa. by the sheriff, the defendant in fi. fa. privately took and carried the property levied upon to an adjoining county. It was held by a majority of this court that this did not constitute the offense with which he was charged, and on p. 722 Justice Blandford says: "In this case that which the plaintiffs in error did was not to oppose the officer, but it was to defeat the execution of the process by committing the crime of simple larceny. . . The plaintiffs in error should have been indicted for simple larceny, and not for the offense for which they were indicted." From these principles it necessarily follows that when property has been delivered by the owner to one as a

pledge to secure a debt, the pledgee has sufficient interest in the same to maintain a prosecution against any one, even the general owner, by charging that the property belonged to him, the pledgee. We do not understand, however, that this principle is denied. Counsel for plaintiff in error seeks a reversal in this case upon the idea that the testimony does not show such a delivery of the property in question as would constitute a valid pledge in law. We think there is sufficient testimony for the judge to infer an actual delivery by the accused of this property as security for the payment of his board. The fact that he was permitted to use it does not deprive the pledgee in this case of the right to its custody and control. Nothing can be gathered from the evidence in the record to indicate that she ever consented to such a use or disposition of the same as to absolutely deprive her of such possession. A portion of the property pledged was actually sold to another party by the pledgor without her knowledge and consent; and the circumstances developed by the evidence touching the manner of its disposition by the pledgor were amply sufficient for the judge to infer that he had a fraudulent purpose of depriving his creditor of this security. This identical question was made and passed upon by the Supreme Court of Iowa in the case of Bruley v. Rose, reported in 11 N. W. Rep. 629. It was there decided: "A pledgee has a special property in the thing pledged, and a pledgor who takes the property from the pledgee's possession with the felonious design of depriving such pledgee of his security may be guilty of larceny." In that case it appeared that Bruley had been charged with larceny of a span of horses which he had bought from Rose. For these horses Bruley was indebted to Rose in the sum of $45.60, and, to secure the payment of this balance it was claimed that Bruley delivered the horses to Rose as a pledge, and afterwards gained possession of them under false pretences, and with the felonious design of depriving him of his security. It appeared that Rose did give him permission to take the horses for a particular purpose. It was accordingly held that, if he took them for a fraudulent purpose, he was guilty of the offense of larceny.

Applying these principles to the facts in this case, we think the court did right in overruling the motion for a new trial.

*Judgment affirmed.    All concurring, except Fish, J., absent.*