### BUFFINGTON v. THE STATE.

FISH, C. J. 1. It is essential to the validity of an indictment for larceny that the ownership of the property, if known, be laid in some person or persons.

2. If the indictment lays the ownership of the goods alleged to have been stolen in a partnership, without alleging the names of the partners composing the firm, it is fatally defective. 12 Enc. Pl. & Pr. 967; Clark's Crim. Proc. 228; People v. Bogart, 36 Cal. 245. See *Mattox* v. *State*, 115 *Ga.* 219.

3. The name "Stewart & Reece" imports a partnership; and therefore an indictment for larceny wherein the ownership of the goods alleged to have been stolen was laid in "one Stewart & Reece," without more, should have been held bad, on special demurrer directed to this defect therein.

> *Judgment reversed. All the Justices concur.*

Submitted October 16,—Decided November 8, 1905.

Indictment for simple larceny. Before Judge Hamilton. City court of Floyd county. July 13, 1905.

*M. B. Eubanks,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.