Spear, J.
1. The indictment. It is assailed as insufficient because it does not in terms aver that the officer was present when the cattle were seized and driven away by Campf. We think it is to be necessarily implied by the language of the indictment that the officer was present; otherwise he could not have been resisted or obstructed in the execution of his office, and the testimony fully supports this inference.
2. The prosecution is founded upon section 6908 of the Revised Statutes, which provides that:
“Whoever abuses any judge or justice of the peace in the execution of his office, or knowingly and willfully resists, obstructs, or abuses any sheriff, constable, or other officer in the execution of his office, shall be fined,” etc.
The state’s evidence, if believed, showed that one Wellington Bobp, who was at the time a road supervisor of road district seven, Salem township, had taken up four cattle of the defendant which he had found at large in the highway, and impounded them in an enclosure belonging to him, and had *325 them there in his custody at the time ot the offense charged; that there is no pound in that township; that during the afternoon Campf came to the lot where the cattle were and commenced to throw down the fence; that Bobp said to him: “I have got your cattle;” that Campf réplied: “I see you have. I am going to have them.” Bobp then said: “Don’t take the cattle out without paying cost of them; if you do you will get into trouble.” Campf replied: “Trouble it is. I will take the cattle and if I have to pay it I will pay.it, and if I don’t I won’t.” Bobp then said: “Now, Jim, you will get into trouble just as sure as you take them, and I don’t want any trouble with you.” Campf replied: “Well, trouble it is,” and he then took and drove away the cattle.
It was the contention of defendant (here plaintiff in error) that in order to constitute an offense under this statute it must be shown that the accused used direct, active and forcible or quasi-forcible means against the person of the officer, and he therefore requested the court to charge:
“If the evidence adduced shows that the defendant, James Campf, opened the gate of the enclosure where his cattle were confined, and drove them out into the highway, without .using direct, active and forcible or quasi-forcible means against the person of the said Wellington Bobp, to get possession of said cattle, then the defendant would not be guilty of resisting an officer within the meaning of the law, and your verdict should be not guilty.”
The court refused to charge as requested, but did charge the jury as follows:
“It must appear beyond a reasonable doubt that there was either forcible means taken against the *326 officer. himself, or forcible means taken to interfere with his custody of the property, if you find it to have been lawfully in his custody at the time in question. * * * If you find, beyond a reasonable doubt, that Wellington Bobp was in the execution of his office, that is, that these animals had been running at large, and that he had impounded them in accordance with duties imposed upon him by statute, and further find, beyond a reasonable doubt, that. without his consent and against his protest, the defendant did forcibly tear down the fence and drive these cattle from the premises, then it would be your duty to return a verdict of guilty as charged in the indictment.”
It is not claimed that the case is ruled by any reported decision of any court of this state, but, in support of the contention of the plaintiff in error, a number of decisions from other states are called to our attention. One much relied upon is that of State v. Welch, 37 Wis., 196. It is there held that the word “resist” properly describes an opposition by direct, active and quasi-forcible means; and the acts forbidden by the terms of the statute must be directed toward the officer himself. If the provisions of the statute of that state were the equivalent of our statute, as hereinbefore recited, this decision would have great weight. But the Wisconsin statute provides only that every person 'who shall knowingly resist any sheriff or other ministerial officer while engaged in the lawful execution of any civil or criminal process, shall be punished, etc. Clearly the mere reading of our statute shows that we have a different situation.
A number of Georgia cases are cited, and they appear to come nearer to the case at bar than the *327 Wisconsin case, although not exactly parallel. The Georgia statute provides that, “if any person shall knowingly and willfully obstruct, resist or oppose any sheriff, coroner or other officer of the state, or other person duly authorized, in serving or attempting to serve or execute any lawful process, he shall be punished,” etc. Perhaps Davis v. The State, 76 Ga., 721, gives the law of that commonwealth as distinctly as any other. In that case the sheriff had levied a writ of execution on two oxen as the property of defendant in execution and had caused them to be placed in a field belonging to a friend whom he constituted his agent to take care of the property, and the defendant privately took the oxen to an adjoining county in his absence. The trial court held that these acts of the accused constituted the offense of obstructing an officer in the execution of legal process within the meaning of the statute. The reviewing court, however, (two of the three judges concurring and the other dissenting), held that the word “obstruct” must be construed with reference to the other words in the statute — “resist or oppose,” which mean force. To obstruct an officer means to oppose that officer; it does not mean to oppose or impede the process with which the officer is armed, or to defeat its execution. And, as conclusion, held that the cattle were rightfully in the possession of the sheriff, and he had such qualified property in them as to make it larceny for any one to take and carry away the property with intent to steal the same. The defendant should have been indicted for larceny, the court said, but could not be held for obstructing an officer.
*328 The rule here invoked is the doctrine of noscitur a sociis, said to be a free rendering of the common maxim that “á man is known by the company he keeps.” The rule, as one of frequent application, is conceded, although it is often difficult to determine in the given case, which person should be regarded as the “man” and which the “company.” And, however 'potent the rule may be in construing the Georgia statute, and in justifying the construction adopted by that court, it seems hardly sufficient to justify a like construction of the statute of Ohio. Our statute is much broader and more comprehensive than that of either Wisconsin or Georgia. It provides not only for the punishment of one who resists or obstructs, but for the punishment of one who abuses any officer in the execution of his office. One meaning of this word “abuse” is to wrong in speech, reproach coarsely, disparage, revile, malign, and this word is as much a part of the statute as any other verb found in the section. And if this definition of the word “abuse” be applicable, and we think it is, then quite clearly the statute may be violated by one who abuses, but who, although he uses force as to property, does not resist and does not accompany his abuse and his acts by any violence against the person of the officer. Not that we have a case of abuse in this record, but it is conceivable that an officer may be as certainly obstructed in the execution of his office by vile abuse, invective, or unjust censure, as by means involving physical resistance, and this consideration may properly be borne in mind in giving construction to our statute and as distinguishing it from' the statutes of other states herein-before referred to. But there is another difference *329 of much more significance. By the Wisconsin and Georgia statutes the inhibited act is confined to a situation where the officer is serving, or attempting to serve, or execute process, while our statute applies to a situation where the offender resists or obstructs, or abuses the officer in the execution of his office. In the present case the officer was in the lawful possession of the impounded cattle. It was his duty to maintain that possession, and to do it as an officer. He was, therefore, while so retaining possession, in the execution of his office. The act of the defendant in taking and driving away the cattle was a forcible act, and while not directed against the person of the officer, it was an act which obstructed the execution of his duty, being an obstruction to his continued execution of his office in so maintaining custody of the property, and hence a violation of the statute. That is, the obstructing of the officer in the execution of his office may be accomplished- by means other than by violence to the officer himself. Resistence to an officer seems to imply opposition by direct forcible means as regards the person of the officer. But the statute includes as well acts of obstruction or opposition, the interposing of obstacles which impede the officer in the execution of his duty with respect to the particular matter in hand. That condition of opposition and obstruction is shown to have been present in the conduct of the defendant in the present case.
A case from Tennessee, and a number from other jurisdictions, cited by counsel for plaintiff in error, have been examined. They are based upon statutes essentially different from the Ohio statute, *330 and are therefore not of importance in determining the question involved in the case at bar.
An instructive case in the line of the conclusion above stated is that of United States v. McDonald, 8 Biss. (U. S. C. C.), 439. The statute under review makes unlawful the knowingly and wilfully obstructing, resisting or opposing any officer in serving or attempting to serve or execute any process or warrant, etc. The court held that, “it is as much an offense to resist an officer who attempts to execute process as it is to resist him when serving or attempting to serve process. Holding attached property after seizure is part of the execution of the process; and if a person resists or obstructs an officer thus holding property he commits the statutory offense.”
In Woodworth v. The State, 26 Ohio St., 198, the main question was whether or not a supervisor of roads was an officer within the meaning of- the statute. The holding is that he is such officer. It is further held, as equally applicable to the case at bar, that, “to constitute the offense of resisting an officer, under the above section, (now section 6908) it is not necessary that the officer should be assaulted, beaten or bruised.”
It is insisted in argument by counsel for plaintiff in error that the indictment should have been for larceny instead of for resisting an officer, the officer having such ownership of the property as would have justified that sort of prosecution; that if the sentence in the present case is upheld, and the defendant were prosecuted for larceny, he could not plead once in jeopardy. We are unable to see why he might not, in the instance suggested, so plead. But whether he could or not it seems entirely man *331 ifest that alike difficulty would have .men encountered if the act of seizing the cattle had been accompanied by physical resistance directed to the person of the officer, and no one doubts that such act would be an offense against the section of the statute in review. .
We are of opinion that the demurrer to the indictment was properly overruled; that the trial court did not err either in the refusal to charge, or in the charge as given, and the judgments below should be

Affirmed.

Crew, C.' J., Summers, Davis and Shauck, JJ., concur.