### 2554.   HUTCHINSON *v.* THE STATE.

RUSSELL, J.   1. The court erred in overruling the demurrer to the indictment. Threats are not sufficient to constitute the basis of a prosecution for obstructing legal process, and an indictment which alleges that the obstruction and resistance consisted in the defendant's having placed himself in the door of a house and violently threatened an officer, by declaring that a summons for a named person could only be served on his dead body, does not set forth the offense of obstructing legal process. To involve a violation of section 306 of the Penal Code of 1895 (Penal Code of 1910, § 311), forcible resistance must be alleged and proved. Neither threats alone, unaccompanied by any effort or apparent intention to execute them, nor even the doing of an act which impedes, delays, or defeats the execution of the process with which the officer is armed, but without resisting him, is sufficient to constitute the offense of obstructing legal process.   *Allen* v. *State,* 5 *Ga. App.* 237 (62 S. E. 1003) ; *Moses* v. *State,* 6 *Ga. App.* 251 (64 S. E. 699) ; *Davis* v. *State,* 76 *Ga.* 721; *Statham* v. *State,* 41 *Ga.* 507.

2. The foregoing is controlling, and obviates the necessity of considering any of the other assignments of error.          *Judgment reversed.*

DECIDED FEBRUARY 25, 1911.

Accusation of obstructing legal process; from city court of Valdosta—Judge Crawford.   March 7, 1910.

*O. M. Smith,* for plaintiff in error.

*James M. Johnson, solicitor, A. J. Little,* contra.