### 5108. RAINES *v.* THE STATE.

The evidence not disclosing that the accused forcibly resisted an officer while attempting to execute a lawful process, his conviction under section 311 of the Penal Code was not authorized.

DECIDED OCTOBER 29, 1913.

Accusation of misdemeanor; from city court of Houston county—Judge Riley. June 17, 1913.

*J. C. Smith, W. J. Wallace,* for plaintiff in error.

*R. E. Brown, solicitor,* contra.

POTTLE, J. The accused was convicted under an accusation charging that he did knowingly and wilfully obstruct and oppose one Sheats, a deputy sheriff, in serving and attempting to serve and execute a criminal warrant against Will Raines. The evidence shows that Sheats and one Rowell, a city marshal, went to the home of Will Raines for the purpose of arresting him under a criminal warrant. When they reached the house they informed two sisters of Will Raines that they had a warrant for his arrest, and received permission from the sisters to go in and search the house. Sheats went into the house and Rowell remained outside. Sheats heard quarreling outside of the house, and immediately went out and found Rowell scuffling with the accused, who was a brother of Will Raines. The sisters were also attacking Rowell, and Sheats interposed and stopped the difficulty. The officers then arrested the accused and started around to the front of the house. The accused said he had done nothing to go to jail for, and that he was not going to jail, and began to push and shove Sheats. When this occurred the officers had not found Will Raines and were still looking for him. The accused had said he would not allow the house searched, and started toward the house where Sheats was. Rowell grabbed him and pulled him back, whereupon both his sisters began to attack Rowell, and Sheats came out of the house to the assistance

of Rowell. The officers did not find Will Raines, and did not go back into the house for any further search.

It is well settled that proof of forcible resistance is necessary to sustain an indictment under section 311 of the Penal Code. "Neither threats alone, unaccompanied by any fear or apparent intention to execute them, nor even the doing of an act which impedes, delays, or defeats the execution of the process with which the officer is armed, but without resisting him, is sufficient to constitute the offense of obstructing legal process." *Hutchinson* v. *State,* 9 *Ga. App.* 62 (70 S. E. 352). See, also, *Davis* v. *State,* 76 *Ga.* 721. It is apparent from the evidence in the present case that whatever force was used by the accused in resisting deputy sheriff Sheats was either to prevent what the accused deemed an illegal arrest of his person, or to prevent him from being taken to jail after the arrest was made. In fact the arrest of the accused was illegal. He had committed no offense. He objected to the house being searched for his brother, and started toward the house saying that he would not permit the search to be made. This conduct on his part was not a violation of any criminal law, and therefore did not justify his arrest by Rowell. This being so, the accused had a right to resist the attempted detention of his person by Rowell. Nor did Sheats have any more authority to arrest the accused than did Rowell, and the accused had an equal right to resist him. There is nothing in the evidence to justify the inference that the force used toward Sheats by the accused was to prevent Sheats from continuing his search for Will Raines. On the contrary, the evidence demanded a finding that whatever force was used by the accused toward Sheats was for the purpose of preventing an illegal arrest of his own person by the officer. The officer was prevented from continuing his search not so much by the conduct of the accused as by his own conduct in making an illegal arrest of the accused; and he discontinued the search for Will Raines in order to incarcerate the accused in pursuance of the illegal arrest. The evidence did not authorize the conviction, and the motion for a new trial should have been granted.

*Judgment reversed.*