## 12250. THOMAS v. THE STATE.

1. Evidence that the defendant's mother, who lived in the house with the person from whom the property was alleged to have been stolen, had an interest in the land upon which the house was located was properly excluded.

2. Proof that certain property alleged to have been stolen was taken from the lawful possession of the person named in the indictment as the owner thereof is sufficient to support the allegation of ownership, although the legal title be in another; and the court did not err in so charging.

3. The section of the code which prohibits a trial judge from expressing or intimating his opinion as to what has or has not been proved "refers to the expression or intimation of an opinion touching some fact at issue involved in the case, and not to something that is conceded by both parties."

4. "Where the whole charge is in the record, and the same, taken all together, is fair and full, and lays down substantially the law of the case as applicable to the facts in evidence, mere inaccuracy in some of the

language will be treated as immaterial, the correction being virtually
made by the general import and spirit of the instructions."
5. The evidence demanded the conviction of the accused.

DECIDED MAY 11, 1921.

Indictment for larceny of horse; from Douglas superior court
— Judge Irwin. January 15, 1921.

*Astor Merritt*, for plaintiff in error.

*J. R. Hutcheson, solicitor-general*, contra.

BLOODWORTH,· J.   1.   The accused was charged with stealing
a mule from Haman Word, who was his uncle.   On the trial the
court did not err in refusing to allow evidence to go to the jury
that the mother of the defendant, who lived in the house with
Haman Word, had an interest in the land upon which the home
was located.   Such evidence would not illustrate the issue before
the court, which was the guilt or innocence of the accused.

2.   The court charged the jury that if the property stolen was
in the lawful possession of the person alleged in the indictment to
be the owner thereof, this would be sufficient to authorize a con-
viction although the title might be in another person.   This was
not error.   In *Randolph v. State*, 16 *Ga. App.* 328, 329, (85 S.
E. 258), Judge Wade said: " A special property coupled with
lawful possession has been held sufficient to support an allegation
of ownership (*Robinson v. State*, 1 *Ga.* 563) ; and where property
is fraudulently taken and carried away from the possession of
one holding it as a pledgee for security, the pledgee has such a
special property in the pledge as authorizes a conviction under a
charge of stealing property belonging to him.   *Henry v. State*, 110
*Ga.* 750 (36 S. E. 55, 78 Am. St. R. 137).   It is well settled that
ownership may be laid in a gratuitous bailee (*Wimbish v. State*, 89
*Ga.* 294, 15 S. E. 325), and also that a carrier has such an interest
in goods in his custody for transportation as to support the allega-
tion of its ownership in an indictment for larceny or burglary
(*Hall v. State*, 7 *Ga. App.* 115, 66 S. E. 390) ; and the owner-
ship may be laid in the person having lawful possession of the
property, though he holds it as the agent or bailee of another.
*Bradley v. State*, 2 *Ga. App.* 622 (58 S. E. 1064).   It is said in
25 Cyc. 91, that ' Any legal interest in the goods, although less
than the absolute title, will support an allegation of ownership.
But there must be an actual legal interest, not a mere claim or
expectation of interest.   . .   The ostensible ownership is, how-

ever, enough to justify the description. So far as the thief is concerned, he can not question the title of the apparent owner.' "

3. Under the facts of this case and in the light of the entire charge, there is no reversible error in the excerpts from the charge of which complaint is made in grounds 6 and 7 of the motion for a new trial, that if the defendant took the property " with intent to steal, that would be sufficient to authorize you to find a verdict of conviction. . . You look to the evidence, and determine what the truth of the matter is; look to the conduct, what he did with the property, how he managed it when he took it, and all about it." That the defendant took the property, that he took it at night, and that he sold it, is shown by the evidence for the defendant. In his statement at the trial the defendant said: " I took the mule and sold it." His defense was not that he did not take and sell the mule, but that it belonged to his mother. That the defendant took the mule and that he sold it are therefore not facts about which the State and the defendant are at issue. The section of the code which prohibits a trial judge from expressing or intimating his opinion as to what has or has not been proved " refers to the expression or intimation of an opinion touching some fact at issue involved in the case, and not to something that is conceded by both parties. See, in this connection, *Springfield* v. *State,* 125 *Ga.* 281 (54 S. E. 172)." *Ga. Fla. & Ala. Ry. Co.* v. *Jernigan,* 128 *Ga.* 503 (57 S. E. 791). In *Taylor* v. *State,* 135 *Ga.* 625 (70 S. E. 237), Presiding Justice Evans said: " It is true that under our system of jurisprudence the judge is forbidden to express an opinion as to whether any particular fact has been proved; yet, where the evidence to establish such fact is undisputed, and the fact is admitted by the accused on the trial, it is not necessarily error for the court to assume such fact in formulating appropriate instructions to the jury." In *Jones* v. *State,* 130 *Ga.* 286 (60 S. E. 840), it was said: " In *Johnson* v. *State,* 30 *Ga.* 426, it was held not to be error for the court to state to the jury a fact, as a fact, which is admitted by counsel for the defense, and on which there is no issue. See also *Walker* v. *Wooten,* 18 *Ga.* 120 (5); *Elder* v. *Cozart,* 59 *Ga.* 199; *Savannah, Fla. & W. Ry. Co.* v. *Flannagan,* 82 *Ga.* 579 (8); *Brantley* v. *Huff,* 62 *Ga.* 532 (7)." See

*Davis* v. *State,* 24 *Ga. App.* 35 (3), 37 (100 S. E. 50), and cases cited.

4. When read in connection with the remainder of the charge, there is no reversible error in the excerpt of which complaint is made in the 8th ground of the motion for a new trial. "Where the whole charge is in the record, and the same, taken all together, is fair and full, and lays down substantially the law of the case as applicable to the facts in evidence, mere inaccuracy in some of the language will be treated as immaterial, the correction being virtually made by the general import and spirit of the instructions." *Everett* v. *State,* 62 *Ga.* 65 (5).

In addition to the above, the evidence in this case demanded a conviction. "In *Cason* v. *State,* 16 *Ga. App.* 820 (86 S. E. 644), the 4th headnote is as follows: 'The evidence demanded the conviction of the accused, and it was therefore immaterial what the judge charged or failed to charge the jury.' See also the opinion in that case (pp. 824, 825). In *Hagar* v. *State,* 71 *Ga.* 164, headnote 3a is as follows: 'The verdict was required by the evidence, and in such cases, even if there be error in the charge, it will not necessitate a new trial.' See also the opinion in that case, and cases cited on page 167; *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574); *Barrow* v. *State,* 80 *Ga.* 191 (3), 193 (5 S. E. 64)." *Cook* v. *State,* 22 *Ga. App.* 770, 780 (97 S. E. 264). *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*