McKEE *v.* THE STATE.

No. 15410.   April 2, 1946.

*H. O. Hubert Jr.,* for plaintiff in error.
*Roy Leathers, Solicitor-General,* contra.

Candler, Justice.   Simple larceny is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with the intent to steal the same.   Code, § 26-2602.   While ownership in any particular person is not an element of larceny, since it is a crime to steal the property of another, whoever that person may be, yet, in order that the accused may know exactly what charge he will be called upon to meet at the trial, and be able to plead a conviction or acquittal at such time as such defense may be made to a second prosecution for the same offense, an indictment for simple larceny must set forth the name of the owner of the property charged to have been stolen, or else set forth facts sufficient to explain and excuse the omission.   *Thomas* v. *State,* 96 *Ga.* 311 (22 S. E. 956) ; 36 C. J. 828, § 307.   It being necessary that property alleged to have been

stolen should belong to one other than the person alleged to have stolen it, the ownership must be set forth in the indictment so that it may appear that the accused is not charged with taking his own property. 12 Cyc. Pl. & Pr. 956, § 3-E.

With respect to the question now dealt with, we must decide whether ownership of stolen property is properly laid in the indictment as of the date of the taking of the property or at the time of the indictment, where the person whose property is taken dies after it is taken but before the return of the indictment. An indictment charging larceny must allege the time when the property was taken, but time, not being of the essence of the offense, need not be precisely or exactly laid, it being sufficient if laid before the return of the indictment, and within the statute of limitations, and proof of the commission of the act charged at any time within those two periods will be sufficient. 2 Wharton on Criminal Procedure, 1143, § 815.

In *Lawson* v. *State* (supra), which was cited in connection with the instant question, the statement of facts in that case does not show with certainty whether the owner was dead at the time his property was taken or died a few minutes afterwards. However, the learned judge who delivered that decision for his division of the Court of Appeals said: "Thus we think under the general rule in larceny cases where, as in the instant case, the evidence authorized a finding either that the money was stolen from Eaton a few minutes before his death or a few minutes after his death, and the indictment was not found until two months thereafter, and the allegation in the indictment was that the property stolen was the property of Eaton, and the evidence showed that at the time of the filing of the indictment Eaton was dead, there was a fatal variance between the allegata and probata for the reason stated in United States *v.* Mason [2 Cranch (D. C.)], supra, that a dead man could not have goods and chattels, and that therefore the indictment could not be supported." The Mason case, however, differs on its facts from those we now deal with because in that case the owner of the property taken died prior to the theft. We have carefully examined all the authorities relied on by the Court of Appeals for its holding, and with the exception of the Davis case (4 N. C. 271), they deal with larceny cases where the property was alleged to have been stolen subsequently

to the death of the owner. The Davis case, which was decided in 1815, charged the defendant with the theft of a slave. In that decision the court said: "Judgment can not be pronounced on this indictment, because it lays the negro as the property of John Murrell, dec. The indictment speaks in the imperfect tense, and relates to the 6th January, 1814, confining the stealing to that period. To whom did the property then belong, which was thus stolen? The indictment answers, to John Murrell, dec'd. This is the only way in which the charge can be understood, without interposing an advent of time present between the name and 'deceased'. We learn, indeed, from the special verdict, that Murrell did not die until the March following; but if the indictment be not legal and certain, in itself, it can not be aided by the finding of the jury." We are unable to agree with the holding in the *Lawson* case that ownership of property, stolen from one who was in life but died prior to the return of an indictment for the theft, must be laid in some person as of the date of the indictment, and since we are not bound by that decision, we respectfully must decline to follow it. Nor can we agree that the authorities cited in the *Lawson* case support the ruling that an indictment for simple larceny must allege the ownership in some person at the time the indictment is returned.

From the weight of authority on criminal law and procedure, we think that ownership of property stolen may be properly laid in the owner as of the date of the offense, and not withstanding the fact that the owner may have died after the theft and before the return of indictment. In 2 Wharton on Criminal Procedure (10th ed.), 1214, § 875, it is said: "In alleging ownership of personal property charged to have been stolen, the careful pleader will do so directly and unequivocally as of the time of the commission of the offense." In 12 Cyc. Pl. & Pr. 958, § 3, the rule is stated as follows: "Ownership must be alleged directly and not by way of inference, and is properly laid as of the date when the offense was committed." And in 32 Am. Jur. 1025, § 113, we find this statement of the rule: "It is well settled that the ownership may be laid either in the real owner or in the person in whose possession the property was at the time of the theft." We have examined cases on this subject from a large number of States, and this seems to be the universally accepted rule. The Supreme Court of

Alabama in Fowler *v.* State, 170 Ala. 65 (54 So. 115), said: "The defendant was not entitled to an acquittal because the owner of the money, and the person in whom the indictment laid ownership, had died between the time of the larceny and the indictment found. The indictment spoke as of the time of the offense. The death of the owner in the meantime did not operate as a condonation by the State of the defendant's offense." We think that this holding is a proper statement of the law. As we have pointed out, ownership is not an element of the offense of larceny, but its allegation is required so that the defendant may have notice of what he will be called on to meet at his trial, may be placed in a position to properly plead a prior conviction or acquittal should a second prosecution be instituted, and to negative his ownership of the property alleged to have been stolen. To us it seems very clear that an allegation in an indictment that, on a stated date, certain described personal property belonging to a named person, then in life, was wrongfully and fraudulently taken and carried away, with intent to steal it, is a proper averment of ownership and affords the accused all of the information and protection required by law.

Our view of the law, as herein expressed, requires us to answer the question in the *negative.*

*All the Justices concur.*