SCARBORO *v.* THE STATE.

CANDLER, Justice. This case came to us on certiorari to the Court of Appeals. A grand jury in Houston County by a special presentment, containing eleven counts, charged and accused L. F. Scarboro with embezzlement. Each separate count alleged that the accused, at stated times, did unlawfully embezzle, steal, secrete, and fraudulently take and carry away certain money, checks, and vouchers belonging to the City of Warner Robins, Georgia, a municipal corporation and which came into his possession as its Chief of Police. The defendant demurred generally to all of the counts of the presentment and specially to counts 4, 8, and 11. All of the demurrers were overruled. On his trial, the jury acquitted him on all of the counts, except 5, 6, 8, and 11. After his conviction, the trial judge passed an order which had the effect of sustaining the demurrers previously interposed to counts 8 and 11, and as to them no sentence was imposed. As to counts 5 and 6, the jury having recommended it, misdemeanor punishment was imposed, and the defendant was sentenced to serve a term of twelve months on the public works in each case, computed consecutively. A motion for new trial, after being amended, was overruled and a writ of error was sued out returnable to the Court of Appeals. That court affirmed the conviction. *Scarboro* v. *State,* 82 *Ga. App.* 273 (60 S. E. 2d, 658). The only question presented to this court for decision by the defendant's petition for certiorari is whether or not the evidence was sufficient to show that the City of Warner Robins had an interest in the property alleged to have been embezzled which could be the subject-matter of the offense charged. Concerning the city's ownership of it, all that the record shows is briefly this: In support of count 5, Robert Crowder testified for the State that he was "locked up" for public drunkenness

in the city jail of Warner Robins; that a $10 appearance bond was required; and that he made a cash deposit of that amount with the accused on March 4, 1949. J. M. Gantt, for the State, and in support of count 6 of the presentment, testified that a case was made against him in the City of Warner Robins about January 23, 1949, for being drunk; that he was released on his own bond; that he saw his wife pay the accused $10 for him; that he did not want to go back to court; and that he did not know what became of the money deposited by his wife for his appearance. The testimony of the witness Gantt was corroborated by the evidence of his wife, as a witness also for the State. The other evidence in this case is voluminous, in fact it covers 137 pages of the record. It is not free from conflicts, but the jury was fully authorized to find from it that the accused received two cash deposits of $10 each, in lieu of bail, for the appearance of Robert Crowder and J. M. Gantt before the Mayor's Court of the City of Warner Robins to answer a charge of drunkenness; that they made no appearance; and that the accused had not paid over to the city the money so deposited. And it also conclusively appears from the record that no charge for any offense was entered on the Mayor's docket against either Robert Crowder or J. M. Gantt prior to the return of the special presentment against the accused, or prior to the date of his conviction, and that no proceeding of any character had been instituted by the city for the purpose of forfeiting the two cash deposits admittedly received by the accused in lieu of bail. *Held*:

1. Defining embezzlement, the Code, § 26-2801, declares: "Any officer, servant, or other person employed in any public department, station, or office of government of this State or any county, town, or city thereof, who shall embezzle, steal, secrete, or fraudulently take and carry away any money, paper, book, or other property or effects, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than seven years."

2. Embezzlement is a species of larceny (Black's Law Dictionary, 3d, ed., p. 653), and in prosecutions for the former offense, as in those for the latter, ownership of the property alleged to have been stolen is a necessary averment. 29 C.J.S. 676, § 8. See also *McKee* v. *State*, 200 *Ga.* 563 (37 S. E. 2d, 700), and the authorities there cited. And since an allegation of ownership is a necessary averment in an indictment or presentment for embezzlement, it is an elementary principle of law, which needs no citation of authority, that it must be proved as laid. However, it is well settled that any legal interest in the property wrongfully converted, although less than the absolute title, will support an allegation of ownership. But there must be an actual legal interest, not a mere claim or expectation of interest. 25 Cyc. 91. To the same effect, see *Robinson* v. *State*, 1 *Ga.* 563; *Wimbish* v. *State*, 89 *Ga.* 294 (15 S. E. 325); *Henry* v. *State*, 110 *Ga.* 750 (36 S. E. 55, 78 Am. St. R. 137).

3. The evidence in this case fails to show that the City of Warner Robins had any title to or interest in the money alleged to have been embezzled by the accused; and to authorize a conviction, it was necessary for the State to show that it did. *Robinson* v. *State*, 109 *Ga.* 564 (35 S. E.

57, 77 Am. St. R. 392). By virtue of his office, the accused did not receive and hold the money in question for the use and benefit of the city; and this is true because no statutory authority has been given to the arresting officers of this State, nor to those of the City of Warner Robins, to accept a deposit of money in lieu of bail, or as a substitute for a recognizance; and under no rule of common law now of force in this State is there any authority for the same. 8 C.J.S. 107, § 52; Badolato *v.* Molinari, 610 Misc. 342, 37 N. Y. Cr. 375 (174 N. Y. Supp. 512). In 6 Am. Jur. 158, § 226, it is stated: ". . a purely ministerial or police officer has no inherent power to accept either cash or property in lieu of bail. Indeed, even judicial or other officers who are empowered to admit persons accused of crime to bail, have no right, in the absence of express statutory authority, to accept a deposit of money in lieu of bail or as a substitute for a recognizance, and the release upon the making of such a deposit, of a person held in custody under a criminal charge is illegal." In other words, there is no authority under the law of this State for a cash bond or a deposit of money in lieu of bail; and when, because of the absence of such authority, cash is deposited with an arresting officer, who accepts it in lieu of bail and assumes the responsibility of holding it as security for the defendant's appearance in any of the courts of this State to answer a penal charge, it remains his property and the officer with whom it was so deposited holds it in trust for the depositor. *Holt* v. *State*, 11 *Ga. App.* 34 (74 S. E. 560). And from what has just been said, it necessarily follows that the City of Warner Robins acquired no title or interest in the money alleged to have been embezzled as the result in law of the defendant's wholly unauthorized acceptance of it as "cash bonds" in lieu of bail; and this is true notwithstanding the defendant's official relation to the city as its chief of police. In many jurisdictions of this country—but not in this one as we have previously said in this opinion—authority has been conferred upon the arresting officers, by statute, to accept a cash deposit of money in lieu of bail; and in those jurisdictions, when a cash bond is made in accordance with the terms of the statute, it is treated as bail and may, under the provisions of the statute, be forfeited as such. We have carefully examined the several cases cited by the defendant in error, and no ruling made in any of them is in conflict with the one here made. It necessarily follows from what has been said above that the Court of Appeals erred in rendering the judgment complained of and that a reversal of its judgment is required.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., who dissents.*

ATKINSON, Presiding Justice, dissenting. While there is no authority under our statute law or the common law to accept cash in lieu of a bail bond, yet there is no specific inhibition against doing so under either. The facts here show that the defendant for a long period of time accepted many thousand dollars in lieu of bail bonds, which was accepted, approved, and acquiesced in by the city authorities. His acceptance and possession of such funds as Chief of Police was done under color of his office and in behalf of the city. The mere fact that there is no

provision of law for the forfeiture of cash put up in lieu of bail bond does not prevent the city from having such an interest in the funds as would sustain an indictment for embezzlement.

No. 17275. NOVEMBER 14, 1950. REHEARING DENIED NOVEMBDER 27, 1950.

*Calvin B. Oliver, Casey Thigpen, J. W. Bloodworth, J. D. Godfrey,* and *Harris, Chance & McCracken,* for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West,* contra.