## 34114. NICKLES v. THE STATE.

CARLISLE, J. 1. Larceny after trust is a species of larceny and in prosecutions for the former offense, as in those for the latter, it is necessary to allege ownership of the property in a person, corporation, or other legal entity capable of owning property, in order to enable the accused to know exactly what charge he will be called upon at the trial to meet, and to .enable him, if such should be the case, to plead a former acquittal or conviction. *Scarboro* v. *State,* 207 *Ga.* 449 (2) (62 S. E. 2d, 168); *Mattox* v. *State,* 115 *Ga.* 212, 219 (7) (41 S. E. 709); *McKee* v. *State,* 200 *Ga.* 563 (37 S. E. 2d, 700).

2. If the property alleged to have been stolen is that of an individual, the name of the individual, if known, should be stated; if it is the property of a partnership, or other quasi-artificial person. the names of 'the persons composing the partnership, or quasi-artificial person, should be given; if it is the property of a corporation, the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation. *Mattox* v. *State,* supra.

3. "Augusta Vocational School" is not the name of an individual, does not import that it is the name of a corporation, partnership, or other legal entity, and, so far as we have been able to ascertain, was not created by an act of the General Assembly; and, when faced by a special demurrer, an indictment, charging one with the offense of larceny after trust of the property of the Board of Education of Richmond County and the Augusta Vocational School, is defective as failing to allege that the property stolen was the property of another person or legal entity. For a collection and discussion of most of the cases in this State on the subject of legal entities and names importing legal entities, see *Smith* v. *Commissioners of Roads & Revenue of Glynn County,* 198 *Ga.* 322 (31 S. E. 2d, 648).

4. In *Hatfield* v. *State,* 76 *Ga.* 499, and *Berry* v. *State,* 92 *Ga.* 47 (17 S. E. 1006), it was held that such a defect cannot be reached after verdict by a motion in arrest of judgment. In *Crawford* v. *State,* 68 *Ga.* 822, it was held that the allegation that the property stolen was that of a corporation chartered by the State was surplusage and need not be proved. The reasoning behind that decision is, of course, that where a named corporation has been chartered by an act of the General Assembly, the courts will take judicial notice of its existence as a legal entity.

5. At common law and in this country, in the absence of statutory provisions to the contrary, an indictment or information charging larceny of property owned jointly by two or more persons, as partners, as joint tenants, or as tenants in common, the names of all such joint owners were required to be set out, and laying the ownership in one of such joint owners, without an allegation of a special property in that owner, is an insufficient description (*Lee* v. *State,* 62 *Ga. App.* 556, 558, 8 S. E. 2d, 706, and authorities there cited; *Buffington* v. *State,* 124 *Ga.* 24, 52 S. E. 19), and the indictment having alleged a joint ownership of the money in the Board of Education of Richmond County and the Augusta Vocational School, the Augusta Vocational School may not be treated as surplusage.

The judgment of the trial court, overruling the special demurrer to the indictment, is erroneous and must be reversed.

*Judgment reversed.   Gardner, P. J., and Townsend, J., concur.*

Decided June 13, 1952.

*Harris, Chance & McCracken*, for plaintiff in error.

*George Hains, Solicitor-General, E. D. Fulcher*, contra.

The defendant, T. M. Nickles, was charged in a special presentment with larceny after trust, in that he "in the county of Richmond and State of Georgia, on the 26th day of October, 1950, with force and arms, having been intrusted by the Board of Education of Richmond County, and the Augusta Vocational School, with two thousand dollars in money, of the value of $2000 and the property of the said Board of Education of Richmond County, and the Augusta Vocational School, for the purpose of applying the same for the use and benefit of the said Board of Education, and the Augusta Vocational School, after having been so intrusted, did wrongfully, fraudulently and feloniously convert the said two thousand dollars in money, of the value of $2000, to his own use, contrary to the laws of said State, the good order, peace .and dignity thereof," to which he interposed the following demurrers: "1. That said presentment fails to allege whether the Augusta Vocational School is a corporation or some other entity and fails to allege whether the Augusta Vocational School is an entity at all and the words 'Augusta Vocational School' do not import a corporation or other entity.   2. That the ownership of the Augusta Vocational School is not alleged and no information is given as to who owns or operates the Augusta Vocational School and said information is necessary in order for this defendant to properly defend himself and [against?] the charges purportedly contained in said special presentment."

The trial court overruled these demurrers and the defendant excepted.