ISAAC LEVY, Sheriff, plaintiff in error, vs. CURTIS H. SHOCKLEY, defendant in error.

[1.] To constitute a levy, there must be a seizure of the property by the officer, and a taking of it into his control.

[2.] A Sheriff is liable for the money due on a *fi. fa.* in his hands, if he refuses or fails to levy it on property which is pointed out to him by the plaintiff in *fi. fa.*, without making any objection to making the levy for want of indemnity. The fact that the plaintiff points out the property, is indemnity to the extent of his ability to respond, and if that is not sufficient, the officer is bound to make the objection at once, so that it may be met and removed.

Certiorari, from Richmond county. Decision by Judge HOLT, at October Term, 1859.

This case arose in the City Court of Augusta, upon a rule sued out at the instance of Curtis H. Shockley, against Isaac Levy, the Sheriff of said city, to show cause why he should not pay over the amount due on an execution, placed in his hands, in favor of said Shockley against one James M. Simpson. The return of the Sheriff was traversed by the plain

tiff in *fi. fa.*, and issue joined upon the same. The case coming up for trial, the Judge of the City Court withdrew it from the jury and dismissed the rule. To correct this decision, plaintiff in execution removed the case by certiorari to the Superior Court.

Upon the argument of said certiorari, the parties being represented by their counsel, from the return it appeared, " that the Sheriff had in his hands the *fi. fa.* before described, and was directed by the plaintiff to levy on two horses of defendant, pointed out by plaintiff; that he endorsed the levy on the writ, and advertised the horses for sale, but did not sell them; his excuse for not selling, being that on the day of sale when calling for the horses at the livery stables of W. E. Archer, one horse was not there, and the other, Archer refused to deliver, until payment of stable expenses, which plaintiff would not make; that when the levy was made the horses were at Archer's, subject to livery expenses, then due and claimed. That the horses were left at the same stable, by the Sheriff, to be kept on his account, and written notice given to Archer to that effect. That one of the plaintiff's counsel, when informed by the Sheriff of what he had done, expressed himself satisfied, and another said he " had done right, and approved of the notice given to Archer."

The showing of the Sheriff against the rule absolute in the City Court, among other things, shows, " That immediately on the plaintiff having pointed out the horses, he left the stables."

" That he advertised said levies by the positive directions of plaintiff, and did not know that the horse was out of the way till the day of sale." And by the first response of the Sheriff it is shown " That W. E. Archer stood ready to pay a price for the horse that was on hand, on the day that the sale should have taken place, that would have paid said *fi. fa.*, but the plaintiff refused to pay the livery on him, and he could not get possession, in order to make the sale."

The counsel for plaintiff contended before the Superior

Court aforesaid, that the City Court had erred in withdrawing the case from the jury, and also, in refusing to make the rule absolute against the Sheriff; and that for these reasons the certiorari should be sustained, and the decision and ruling of the City Court reversed.

Counsel for the Sheriff insisted that there was no error committed by the City Court in withdrawing said issue from the jury and discharging the rule; because, as they insisted, from the showing of the Sheriff, it was on account of the refusal of the plaintiff to pay the livery due on them, that he could not get the possession of the horses; and that upon a proper consideration of the responses of the Sheriff, he never had the possession of the horses, and that the said responses should be taken and considered as an amended return of the Sheriff, as to the levy endorsed upon it and in explanation of the same, and that the certiorari should be discharged.

His Honor, the Judge of said Superior Court, sustained the certiorari on the first ground: "the refusal to make the rule absolute," and ordered that the case be returned to the City Court of Augusta, with instructions to make the *rule nisi,* which had been moved by the party, the plaintiff, against the Sheriff, absolute."

To which decision and ruling of his Honor, the Judge of the Superior Court, the defendant, the Sheriff, by his counsel, then in Court, excepted for error, insisting that the certiorari should have been overruled.

J. C. & C. SNEAD, for plaintiff in error.

MILLERS & JACKSON, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

We do not think the Sheriff was liable in this case on account of negligence in allowing the property on which he

had levied, to be put out of the way; for we do not think that there was any levy at all. According to the facts, the horses never were seized by him and in his control. But we do think he was liable for failing to make a levy. The fact that the plaintiff in *fi. fa.*, pointed out the property for a levy, was indemnity to the Sheriff; for the plaintiff was bound to protect the officer in doing the specific thing which he had ordered him to do. If that indemnity was not *sufficient*, the Sheriff could have objected to it on that ground, and have refused to act until it had been made sufficient. He can not be heard now with the suggestion of an objection which, if made at the proper time, might have been promptly met and removed. We think the rule was rightly made absolute.

Judgment affirmed.