## 2010. BETTS *v.* THE STATE.

Where the relation of landlord and cropper exists, the title and the possession of the growing crops are in the landlord until his claims have been fully settled. Hence, in an accusation of stealing or attempting to steal a portion of the growing crop so owned and possessed, the ownership should be alleged to be in the landlord, and not in the cropper.

Accusation of misdemeanor, from city court of Nashville—Judge Peeples. June 24, 1909.

Submitted October 4,—Decided October 13, 1909.

*Hendricks & Christian,* for plaintiff in error.

*J. H. Gary, solicitor,* contra.

POWELL, J. The defendant was accused of attempting to commit larceny; the specific allegation being that he had entered the sugar-cane patch of one Richardson to steal cane therefrom, and, with knife in hand, began stripping the cane, preparatory to stealing it. It appeared on the trial that the cane was growing upon the land of one Summerlin, to whom Richardson bore the relation of cropper. The crop was still undivided, and the landlord's claim thereon had not been satisfied.

It is unnecessary for us to decide whether the defendant's act progressed far enough to make him guilty of the offense of an attempt to commit the crime of larceny, on the theory that the growing crop is not the subject-matter of larceny until it has been severed from the realty; the judgment must be reversed on another ground. Ownership, in indictments for larceny, may be laid in the name of any one having either title or possession. Under our Civil Code, §§ 3129-31, where the relation of landlord and cropper exists, the landlord has both title and possession of the crops until they are divided and his lawful claims have been satisfied, and the cropper has neither; the latter is a mere laborer. Therefore, the indictment in this case having improperly laid the ownership in the cropper, the verdict must be set aside as being contrary to the evidence. The principle here applied is especially true of growing crops, the title and possession to which are determined by the title and possession of the land itself. Compare *Morgan* v. *State,* 63 *Ga.* 307; *Yarborough* v. *State,* 86 *Ga.* 396 (12 S. E. 630).

*Judgment reversed.*