## 9073. JACKSON *et al.* v. THE STATE.

In an indictment for larceny the ownership of personal property may be laid in an agent having lawful possession of the property for another; but is not properly laid in a servant having the mere custody of goods for his master. The ownership in this case was properly laid in the husband, who had charge of the plantation as agent for his wife, and was properly not laid in the superintendent of the plantation.

DECIDED OCTOBER 31, 1917.

Indictment for larceny; from Muscogee superior court—Judge Howard. June 30, 1917.

The defendants in this case were indicted for larceny from the house, and were found guilty. The property stolen was stolen from a gin-house, and was alleged to be "the personal goods of James A. Lewis." James A. Lewis testified: "I am the husband of Mrs. Robena Lewis, and she owns the plantation from which the property was stolen, and it was her property. I am the authorized special agent of my wife and have charge of the place. I made the trade as agent for my wife with Mr. Pullen to superintend the plantation, but it was in her name. Mr. Pullen is under my direction and orders. I pay off the hands. Mr. Pullen has a key to the gin-house and there is also one at my home in Columbus for my use. I go down to the plantation and look after it for my wife, but Mr. Pullen had the actual possession of the property stolen at the time, as I was not at the plantation, and he lives on the place. I go to the place often and am in general charge. Some-

times I go every day." Pullen, a witness for the State, testified: that he was superintendent of the plantation owned by Mrs. James A. Lewis, and the contract of employment was made by Mr. James A. Lewis, agent of his wife; that the property did not belong to Mr. Lewis; he was agent of his wife and would come down two. or three times a week; that Mr. Lewis gave witness instructions for his wife, but witness looked after the place as superintendent and received a salary for the same; that Mr. Lewis paid off the hands.

*Richard Terry, Ed Wohlwender,* for plaintiffs in error.

*C. F. McLaughlin, solicitor-general,* contra.

HARWELL, J. (After stating the foregoing facts.) It is contended that the State failed to prove the ownership as laid in the indictment; that the ownership should have been alleged either in Pullen or Mrs. Lewis. In our opinion the evidence sustains the allegation of ownership as laid in the indictment. It shows that the husband had charge of the property as agent for his wife. Pullen was simply an employee or servant. In larceny the ownership may be laid in the agent, but not in a servant. "A mere servant has only the custody of goods, and he can maintain no action for them; hence he has in them no ownership." Ownership may be laid in "any other person having the lawful possession of the article, in distinction from a bare custody thereof." 2 Bishop Crim. Procedure, §§ 721, 722. "An agent has sufficient special property in goods of his principal in his charge or care to support an indictment which describes them as his property. . . Where servants have in their custody the goods of the master the property should be laid in the master." 2 Russell on Crimes, 1287, 1288. "It is a clear maxim of the common law that where one has only the bare custody of the goods of another the legal possession remains in the owner. . . A mere servant or employee has no special property"—that is, such as will support the allegation of ownership in an indictment for larceny. "A distinction is drawn in some of the cases between the possession of a servant and that of an agent, an agent being considered a bailee who obtains actual possession of the goods, as distinguished from the mere custody of an ordinary servant." 17 R. C. L. § 49. "In an indictment for larceny or for burglary the ownership of personal property may be laid in the person having actual lawful possession of the same, although he may be holding it as agent or

bailee of another." *Bradley* v. *State*, 2 *Ga. App.* 622 (2) (58 S. E. 1064). See also 25 Cyc. 93; State v. Jenkins, 78 N. C. 478. This ruling is in accord with the decision of the Alabama Supreme Court in the case of Heygood v. State, 59 Ala. 49, where it is held: "A superintendent of another's plantation is the servant of the employer; and an indictment for larceny, which charges that the corn stolen was the property of such superintendent, is insufficient." There was no variance between the allegation of ownership and the proof thereof in the instant case, and the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*