## 28228.   LEE *v.* THE STATE.

DECIDED APRIL 25, 1940.

*J. J. E. Anderson & Son,* for plaintiff in error.

*W. G. Neville, solicitor-general,* contra.

MACINTYRE, J.   Harry Lee was indicted for the offense of simple larceny, hog-stealing.   The indictment alleged the property to be that of Kelly Salter.   The defendant was found guilty.   His motion for new trial was overruled, and he excepted.   The testimony of the prosecutor, relative to the ownership of the hogs in question, was in part as follows: "I live on a place. Mr. Lonnie Zetterower rented for me.   [Zetterower did not live on the place.]   I am his tenant or share-cropper.   I said that I had six brood sows and forty pigs and twelve shoats.   I was raising them on shares for Mr. Zetterower.   The hog in question was not one of the brood sows he gave me; she was one of the sows of the twelve shoats.   They was half of them my hogs.   I had a half interest in them if I raised them.   They were not all his hogs originally, not all of them. All of those sows found pigs after I got them.   I was half interested in them.   I was to raise them.   Some of those were his hogs at the time I got them."   The testimony of Zetterower, a witness for the defendant, was as follows: "He [Salter] was to raise those

hogs fifty-fifty, half mine and half his. . . As to whether Kelly Salter later sold that sow, he sold several along a lot of times. He sold them and gave me the check. He would say, 'I am going to put so many hogs and yearlings on the market to-day if agreeable to you.' I got all the checks for the hogs, as far as I know. They were all my property for this reason: I had advanced him, and he was owing me, and he had not paid out, you understand. It was my property and his together; part of it was his property if he paid me up on a fifty-fifty basis. He had not paid me up at that time." On cross-examination Zetterower testified: "He paid me off as he sold them. I trusted them with him. I never had any trouble with him about them."

The defendant contends that there was a special contract relative to the hogs, which fixed the rights of the parties as identical with those obtaining in the case of crops produced under the relationship of landlord and cropper. The State contends that the landlord merely furnished the cropper live stock, the increase of which was to be raised by the latter on shares to be divided in kind equally between the parties, and that their relationship with reference thereto was that of owners or tenants in common, and not that of landlord and cropper. Relative to these contentions, Judge Bell, speaking for this court in *Ellis* v. *Hopps,* 30 *Ga. App.* 453 (10), 455 (118 S. E. 583), seems to say that if Zetterower merely furnished Salter with hogs under an agreement that *the increase* to be raised by Salter was to be divided in kind, it would make Zetterower and Salter tenants in common, in the absence of any special contract that the respective rights regarding the hogs were to be identical with those obtaining in the case of crops produced under the relationship of landlord and cropper, as was illustrated in *Gurr* v. *Martin,* 73 *Ga.* 528. On the other hand, if the labor of the employed was to be applied to personalty, and was to be compensated for by a division of the *profits,* then the sole ownership of the personalty would be in the person who furnished the personalty on which the labor was to be applied. We think the evidence in this case at least authorized a finding that Salter, the prosecutor, in whom the ownership of the stolen hogs was alleged in the indictment for the theft, was a tenant in common with Zetterower, the landlord; and that Salter was in charge (possession) and control of and managed the property at the time it was stolen. If this

were merely a case of landlord and cropper, such as was stated in *Betts* v. *State,* 6 *Ga. App.* 773 (65 S. E. 841), it would be necessary to allege the ownership in the landlord. In a prosecution charging larceny of personal property, the ownership may be described as that of the real owner, or the person in possession as agent, bailee, or trustee, and such agent, bailee, or trustee may be described by name as the owner individually, on the theory that the agent, bailee, or trustee has a special property or ownership in the thing alleged to have been stolen. Ownership, however, can not be laid in a mere servant. 2 Wharton's Criminal Proc. 1220, § 861; 2 Bishop's Criminal Proc. 722, § 721; *Henley* v. *State,* 59 *Ga. App.* 595, 600 (2 S. E. 2d, 139) ; *Jackson* v. *State,* 21 *Ga. App.* 146 (94 S. E. 55). At common law, if the hogs were owned jointly by two or more persons as partners, joint tenants, or tenants in common, the names of all of such joint owners were required to be set out. Laying the ownership in one of such owners was insufficient description, unless at the time the goods were stolen one of the joint owners was in charge of, controlled, and managed the property. This seems to have been allowed on the theory that the joint owner in the exclusive possession of the property had a special ownership, by reason thereof, sufficient to sustain an indictment for theft of the property. However, the mere temporary absence of one or more of the joint owners would not warrant the allegation of ownership in the one present and in temporary charge and control of the joint property. Thus, in the instant case, there was no fatal variance between the allegation in the indictment and the proof as to the ownership of the stolen property. *Waters* v. *State,* 15 *Ga. App.* 342 (3) (83 S. E. 200) ; 36 C. J. 836, § 328; 2 Wharton's Criminal Proc. 1222, § 862; *Horton* v. *State,* 21 *Ga. App.* 120 (93 S. E. 1012) ; *Randolph* v. *State,* 16 *Ga. App.* 328 (85 S. E. 258).

The defendant further contends that the evidence made an issue as to whether or not the property was the property of Salter or was the joint property of Salter and Zetterower, or was the property of Zetterower alone; and that the judge should have charged the jury, without request, on the law of landlord and cropper. That is, that if the relationship to the hogs was that of landlord and cropper, the defendant could not be found guilty because the ownership should have been alleged in the landlord, Zetterower. The judge charged the jury that before they could convict the defendant the

State must prove every essential element in the indictment as charged. The indictment charged that Salter was the owner of the stolen hog. We think the charge as given, while it was not very full, was sufficient to convey to the jury the meaning and application of the principle on which the defendant based his defense. If the defendant had desired a more specific instruction with reference to the question of ownership of the stolen hog, an appropriate written request for such instruction should have been submitted. *Findley* v. *State*, 59 *Ga. App.* 390, 393 (1 S. E. 2d, 37). The verdict was approved by the judge, and there was evidence to support it. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*