34214. WASHBURN *v.* FOSTER *et al.*

Decided October 24, 1952—Rehearing denied November 8, 1952.

*George G. Finch, LeRoy Finch,* for plaintiff in error.

*Harold Sheats, E. A. Wright, Standish Thompson, Durwood Pye, Smith, Field, Doremus & Ringel,* contra.

SUTTON, C.J.   There is no authority of law for a sheriff or arresting officer to accept a cash bond or a deposit of money in lieu of bail from one charged with a criminal offense against the laws of this State; and, when an arresting officer requires or accepts a cash bond or a deposit of money in lieu of bail,

the money remains the property of the person depositing it with such officer, and the officer holds it in trust for the depositor. *Holt* v. *State*, 11 *Ga. App.* 34 (74 S. E. 560). Since a sheriff has no authority under the laws of this State to require or accept a cash bond or a deposit of money in lieu of bail, it follows that there is no authority of law by which money so deposited could legally be forfeited. In this connection, see *Scarboro* v. *State*, 207 *Ga.* 449 (62 S. E. 2d, 168). The fact that, under the allegations in the present case, it appears that the arresting officer required a cash bond or a deposit of cash in addition to the regular bond required of the said Martin, does not change the general rule that a sheriff or other arresting officer of this State has no authority to accept a cash bond or a deposit of cash in lieu of bail or in addition to the bail required by law. It appears that the said Martin was charged with a misdemeanor, and, under the law of this State, he was entitled as a matter of law to furnish bail in a reasonable amount with the sureties on the bond to be approved by a sheriff of this State. Code, § 27-902. There is no provision of law whereby a sheriff can require such sureties to deposit with him a cash bond or a deposit of money in addition to the bail required by law before he will accept the bail tendered him; and where this is done, the money so deposited remains the property of the person depositing it, and the sheriff holds it as trustee for the depositor.

Of course, if the sheriff has legally paid out the money under a summons of garnishment served upon him or other legal order from a court of competent jurisdiction, or has paid out the money on instructions of the person depositing it with him, this would relieve the sheriff of liability for the amount lawfully paid out by him.

That the plaintiff authorized the sheriff to turn the money over to the Clerk of the Criminal Court of Fulton County and to the Clerk of the Superior Court as additional security and collateral for a certiorari bond signed by the plaintiff, does not prevent the plaintiff from having the right to recover the money from the sheriff, where it further appears that the sheriff did not turn the money over to the clerk as directed by the plaintiff. While the clerk of the court was authorized to require a proper

certiorari bond from the defendant, there is no authority of law for him to require a cash bond or a deposit of money in lieu of a proper certiorari bond or in addition to the certiorari bond. From the allegations of the petition, it appears that the clerk approved the bond furnished by the plaintiff and others for said Martin, and that the sheriff never turned the money held by him over to the clerk or returned it to the plaintiff. Under the allegations of the petition, the sheriff at the time the suit was instituted held the money sued for as trustee for the plaintiff, who was the legal owner of the same.

While the requirement by the arresting officer, that the said Martin give a cash bond or deposit a sum of money with the sheriff in lieu of bail, was illegal, this does not prevent the plaintiff from recovering the money held by the sheriff as trustee for the plaintiff. It does not appear from the allegations of the petition that the sheriff demanded or extorted the money from the plaintiff as costs, or that he converted such money to his own use, but it clearly appears that he accepted the money from the plaintiff as a cash bond or as a deposit of money as collateral in addition to bail. While his action in accepting the money from the plaintiff was illegal, under the allegations of the petition in this case, "yet his doing so was a mistake of law; and while ignorance of the law is no excuse, yet there can be no offense unless there is a joint union or operation of act and intent; and if the act of the officer in taking the cash bonds [or deposit of money in lieu of bail or in addition to bail] was not authorized by law, there certainly seems to have been no criminal intent on his part in doing the act." *Holt* v. *State,* 11 *Ga. App.* 34, 37, supra. Although under the allegations of the petition, the acceptance of the deposit of money by the defendant sheriff was without authority of law, we cannot say that the sheriff and the plaintiff knowingly violated the laws of this State or that the money was deposited by the plaintiff and accepted by the defendant with criminal intent on their part. Under the allegations of the petition in this case, we cannot say as a matter of law that the facts alleged show such an illegal act, in which the plaintiff is equally culpable or criminal with the defendant sheriff, that the court must refuse to

grant the plaintiff any affirmative relief against the sheriff and the surety on his official bond.

The allegations of the petition are sufficient to show that the defendant accepted the money under color of and by virtue of his office as Sheriff of Fulton County, Georgia. "An officer's act colore officii is thus defined: 'An officer's acts are done colore officii when they are of such nature that his official position does not authorize the doing of such acts, though they are done in a form that purports they are done by reason of official duty and by virtue of his office.'" *Hawkins* v. *National Surety Co.*, 63 *Ga. App.* 367, 371 (11 S. E. 2d, 250), and cit. Clearly the sheriff had no right to require a cash bond or a deposit of money in lieu of bail or in addition to bail, and his action in so doing would, as an act colore officii, render him and his sureties liable on his official bond to anyone aggrieved. The action against the sheriff and the surety on his bond arose ex contractu. In this connection, see *Copeland* v. *Dunehoo*, 36 *Ga. App.* 817 (138 S. E. 267); *Powell* v. *Fidelity & Deposit Co.*, 45 *Ga. App.* 88 (163 S. E. 239); *Cantrell* v. *National Surety Co.*, 46 *Ga. App.* 202 (167 S. E. 314); *Powell* v. *Fidelity & Deposit Co.*, 48 *Ga. App.* 529 (173 S. E. 196). The statute of limitations on a sheriff's official bond is twenty years, since the bond is under seal and there is no express statute providing for a different period of limitation of actions. Furthermore, this action was brought within four years from the date the garnishment proceeding was dissolved, which proceeding had prevented Sheriff Foster from paying over the money involved to the Clerk of the Criminal Court of Fulton County until the dissolution of said garnishment proceeding, on May 20, 1947.

The contention of the defendants in error that the plaintiff is estopped or barred from maintaining the present action because of a former action brought by him cannot be maintained, since this contention was not raised in the trial court and passed upon by the trial judge. The cases cited and relied upon by the defendants in error are distinguishable on their facts from the instant case. In *Lankford* v. *Holton*, 78 *Ga. App.* 632 (51 S. E. 2d, 687), the contention was made in the trial court by "the trial judge taking judicial cognizance" of the judgment taken

in a previous case. While the cases of *Petty* v. *Atlanta*, 40 *Ga. App.* 63 (148 S. E. 747), and *Griffin* v. *Augusta & Knoxville R.*, 72 *Ga.* 423, are to the effect that a court cannot hold facts to be true which are contradicted by legislative acts and records of which it is bound to take judicial notice, they do not authorize a holding in the present case different from the one made. Even if the court should take judicial notice of the resolution adopted by the General Assembly of Georgia, and approved February 25, 1949 (Ga. L. 1949, p. 2127), there is nothing in this resolution to prevent the plaintiff from maintaining the present action. Moreover, this resolution was declared unconstitutional by the Supreme Court in *Washburn* v. *MacNeill*, 205 *Ga.* 772 (55 S. E. 2d, 135). The facts alleged in the present suit are materially different from those set out in the resolution, and the facts and parties defendant in the instant suit are different from those set out in the petitions in *Washburn* v. *MacNeill*, supra, and in *Washburn* v. *Thompson*, 78 *Ga. App.* 133 (50 S. E. 2d, 761). Since there was no plea or contention made in the court below that the plaintiff was barred from maintaining the present action by reason of former actions involving the same cause of action, the contention cannot be raised in this court for the first time. Of course, if the sheriff has legally paid over the money to another under proper orders of court, or, on direction of the plaintiff, has paid the money over to the clerk as collateral on a certiorari bond, or if the plaintiff is barred from maintaining the action because of prior actions involving the same cause of action, these would be matter of defense on the trial of the case; but, in the absence of proper pleas in the court below and a ruling thereon in that court, this court cannot say as a matter of law that the plaintiff cannot support the allegations of his petition on a trial in the court below.

The trial judge erred in sustaining the general demurrers of the defendants to the petition and in holding that the plaintiff's cause of action was barred by the statute of limitations, and that the plaintiff was estopped from denying the illegality of the transaction. The cases cited and relied on by the defendant in error are either from other jurisdictions, and so are not controlling as precedents upon this court, or are distinguishable on

their facts from the present case and do not authorize a ruling different from the one herein made.

Judgment reversed. *Felton and Worrill, JJ., concur.*