35099. WASHBURN *v.* FOSTER, Sheriff, *et al.*

CARLISLE, J. 1. The petition in this case was held to state a cause of action for a breach of the defendant sheriff's official bond in *Washburn* v. *Foster,* 87 *Ga. App.* 132 (73 S. E. 2d 240), which see; and where, upon the trial of the case, every material allegation of the petition was either admitted by the defendant sheriff or proved by uncontradicted evidence on the trial, and the defendant sheriff and the defendant surety on his official bond failed to establish any valid defense to the action, the trial court erred in directing a verdict in favor of the defendants, as the evidence demanded a verdict for the plaintiff. Code § 110-104.

2. While, under the ruling in *Washburn* v. *Foster,* supra, it would have been a valid defense to the action if the sheriff had legally paid over the money to another under proper orders of court, or, on direction of the plaintiff, had paid the money over to the clerk as collateral on a certiorari bond, or if the plaintiff was barred from maintaining the action because of prior actions involving the same cause of action—there was no evidence from which it might be inferred that the defendant sheriff paid over the money to another upon a proper order of court, that he ever paid over the money to the clerk of the court upon the plaintiff's authorization so to do, or that the plaintiff is barred by any former action between the same parties involving the same cause of action.

3. The forfeiture of the certiorari-appearance bond did not constitute a forfeiture of the cash collateral. The defendant sheriff held the money as trustee for the plaintiff and not as sheriff (*Washburn* v. *Foster,* supra), and the fact that an execution had issued on the judgment absolute in the forfeiture proceedings and the defendant sheriff had such execution in his possession would not authorize him to apply the money thereon without an express authorization from the plaintiff so

to do or without levying on the money as the property of the plaintiff. In the absence of an authorization from the plaintiff to apply the money on the execution, a levy thereon was indispensable. *Kellogg & Co.* v. *Buckler,* 17 *Ga.* 187; *Yoemans* v. *Bird,* 81 *Ga.* 340 (6 S. E. 179); *Hart* v. *Thomas,* 75 *Ga.* 629; *Isam* v. *Hooks,* 46 *Ga.* 309; *Levy* v. *Schockley,* 29 *Ga.* 710. Neither of these prerequisites is shown by the record. While it may be true that the plaintiff consented to the entry of the judgment absolute in the forfeiture proceeding, such consent did not constitute an agreement that his money, held by the sheriff as trustee for the plaintiff, should be applied on the execution by other than legal means. While it is true the plaintiff prays for no punitive damages, and since his property was subject to the execution issued on the judgment absolute and, if the money had been legally applied thereon, he would have been unable to show that he had suffered any damage—it would be pure conjecture for us to say that consequently he was not damaged by the sheriff's requiring him to put up the money and the sheriff's failure to levy thereon, as the sheriff did not levy. Certainly, if the money had not already been in the hands of the county treasurer, a different result might have been reached by the Supreme Court in *Washburn* v. *MacNeill,* 205 *Ga.* 772 (55 S. E. 2d 135), where the court held that the resolution of the General Assembly ordering the treasurer to refund the money *after it had been paid* by the sheriff was unconstitutional.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 12, 1954—REHEARING DENIED MAY 25, 1954.

*J. L. Finch, Geo. G. Finch,* for plaintiff in error.

*Harold Sheats, Durwood Pye, E. A. Wright, Smith, Field, Doremus & Ringel, John I. Kelley, Solicitor,* contra.