38827.   LAND v. THE STATE.

DECIDED APRIL 11, 1961.

*Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Clete D. Johnson, Solicitor-General, Andrew. J. Hill, A. S. Skelton,* contra.

Townsend, Presiding Judge. ■ It is contended that the indictment, construed against the pleader, shows that the allegation that the fund in question, "was the property, of Franklin County" is 'an untrue allegation of ownership with the result that the indictment, not containing a proper allegation of ownership, is subject to general demurrer; also that if the ownership of the fund is assumed under the allegations of the indictment to rest in the individual putting up the money as a cash bond, the offense would be larceny after trust and each count of the indictment is accordingly subject to special demurrer as being duplicitous.

The indictment is drawn under *Code* § 26-2801 which provides that an officer of a county who embezzles, steals, secretes or fraudulently takes and carries away any money or other property shall be guilty of a felony. Embezzlement is a species of larceny; any legal interest in the property wrongfully converted, although less than the absolute title, will support an allegation of ownership, but there must be an actual legal interest, not a mere claim or expectation of interest. *Scarboro v. State,* 207 Ga. 449 (2) (62 S. E. 2d 168). Where cash bonds are not lawful, the political subdivision can have no title to or legal interest in the property. *Holt v. State,* 11 Ga. App. 34 (74 S. E. 560) ; *Washburn v. Foster,* 87 Ga. App. 132 (1) (73 S. E. 2d 240) ; *Scarboro v. State,* supra. It was, however, lawful for this defendant to accept cash bonds. *Code Ann.* § 27-508. He did so by virtue of his position which was that of an officer of the county. *Code* § 34-2601. The fund should have been turned over to the clerk of the court of ordinary, or the ordinary. *Code Ann.* § 27-509. Such clerk is also a county officer and has the duty of preserving the fund represented by the cash bond until after final disposition of the case. If the defendant is acquitted, the bond is of no force and effect; the money, therefore, should be returned to the defendant. If he fails to appear, the money goes into the fine and forfeiture fund. *Code Ann.* § 27-511. In such case, Franklin County being on a fee system, the clerk, after paying out the legally allowed claims due officers

■

in the particular case, has a duty to pay over the amount of the fine into the county treasury to be kept in the fine and forfeiture fund; the surplus, if any, ultimately goes into the general county fund for specified purposes. *Code Ch.* 27-29. It was settled in *Banks County v. Stark,* 88 Ga. App. 368, 373 (77 S. E. 2d 33), that after payment of the allowed expenses of the officers bringing the fund into court, the county was the proper party to seek recovery of any sums not paid over to the county treasury, and that the county officers do not lose their lien on the fund although it is paid over to the county treasury.

In the present case we are met with the allegation that Franklin County is the owner of the fund represented by the cash bonds in question, which must be taken as true on demurrer. Under the *Stark* case, the county whenever conditions are such that the money should rightfully be placed in the county treasury, has such a legal interest therein, subject to the liens of the officers bringing in the fund, as will allow it to bring an action for a recovery of the money. Prior to forfeiture, the ownership of the property is in the person who gave the cash bond, because "for the purposes of the deposit cash bail is conclusively presumed to belong to the accused." 8 C. J. S. 108, Bail, § 53. However, once the accused had posted the bond he had no further right to its possession until, after his appearance and trial, he could legally recover it. The county, by and through its proper county officer, either the ordinary or his clerk, has the right to its possession until that time to the exclusion of the true owner, and is therefore an agent of the true owner, having the fund in lawful possession, and as such may be alleged as owner in an indictment for larceny or embezzlement, the latter being a species of larceny. See *Jackson v. State,* 21 Ga. App. 146 (94 S. E. 55). An allegation that a named party is owner is not a conclusion, and must on demurrer be taken as true unless the facts pleaded show that no such ownership exists. Since it is alleged that the fund in question is in fact a cash bond, cash bonds being lawful and the county, through its proper officers, being charged with its preservation, for designated purposes, it does not appear on the face of the indictment that Franklin County is not an entity in whom ownership of the fund may be

alleged, and the general and special demurrers attacking the various counts of the indictment on this ground are without merit.

■ The allegation "after having been authorized by order of the Judge of the Court of Ordinary of Franklin County, Georgia, to accept cash bonds in lieu of statutory bonds or recognizances for personal appearance of persons arrested for violating the traffic laws of this State" is not subject to special demurrer on the ground that there is no such officer as a "judge of the court of ordinary." *Code* § 27-510 provides that such order may be issued by the "judge having jurisdiction of the offense," and jurisdiction is vested in the "court of ordinary" by *Code* § 92A-502. Since public officers are assumed, in the absence of contrary allegations or proof, to have done what the law requires, it will not be assumed that the order was issued authorizing the defendant to accept cash bonds at a time prior to 1953 when the present *Code Ann.* §§ 27-508 et seq. were enacted (Ga. L. 1953, p. 331).

■ The allegations that the property "came into his, the defendant's possession by virtue of his official position, the duly elected, qualified and acting Sheriff of Franklin County Georgia" and "$102 in money, vouchers and checks in the denominations and forms and of other description to the grand jurors unknown" are not demurrable on the grounds of vagueness and indefiniteness. It is alleged that the money came into the sheriff's possession as the cash bond of a person arrested for a traffic violation and that he received it in his official capacity as a sheriff and peace officer charged with enforcing the law in such cases. It never having come into the possession of the county or its authorized agents, the exigencies of the case would prevent a more explicit description. See *Hicks v. State,* 105 Ga. 627 (1) (31 S. E. 579). In an embezzlement case, it has been held that an allegation as to a certain sum of money "and other sums to the grand jury unknown" is not subject to demurrer. *Tripp v. State,* 89 Ga. App. 335 (4) (79 S. E. 2d 591). The sum is identified in each count as that fund representing a cash bond in the court of ordinary put up by a named person for a traffic offense. "To specify particularly what money was received and embezzled

would be impossible, and such a requirement would give impunity to the crime." *Jackson v. State*, 76 Ga. 551, 571; *Lewis v. State*, 82 Ga. App. 280, 286 (60 S. E. 2d 663). Ordinarily, while the description is sufficient as to the money, it would not be sufficient as to the checks and vouchers, but here, the county never having received the fund, a more precise description may not be available, and the fund itself is so described as to limit its component parts to a single transaction and no other. Accordingly, these demurrers are without merit.

The allegation that the court of ordinary is "a court of competent jurisdiction in such matters", in the context of references to traffic violations, is not vague and indefinite, nor is it demurrable on the ground that the indictment does not specify that the alleged traffic violator has waived a jury trial.

The court has jurisdiction of the subject matter involved and jurisdiction to receive the bond under the circumstances alleged. The remaining general and special demurrers are also without merit.

The trial court did not err in overruling the demurrers to the indictment.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*