56022. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY v. FENDER et al.

WEBB, Judge.

This case reappears after retrial pursuant to this court's reversal on appeal from the first trial upon the ground that the lower court erred in excluding certain statements from the autopsy report. See *National Life &c. Ins. Co. v. Fender,* 144 Ga. App. 6 (240 SE2d 555) (1977) and statement of facts therein. Upon retrial a verdict was again rendered against the insurer for the $8,000 additional death benefit recoverable under the deceased's policy for accidental death, but no award was made for bad faith penalty, interest or attorney fees.

1. Error is enumerated in allowing the attorney for appellees to read to the jury the testimony of a witness

from the transcript of the prior trial. This witness had previously testified that while he and the deceased were in jail together the deceased had fallen from his bunk, hitting his head and appearing dazed, and asked to see a doctor. However, he was unsure of when this occurred. Two sisters of the deceased testified that they had seen a bruise on the deceased's face both on the day before and after his death.

In the present trial, at a hearing outside the presence of the jury, the attorney for appellees explained how he had conducted a diligent search for this witness, finally discovering that he had gone to Florida for a medical examination and would not be available to testify until after 6 p.m. that night. Over objection of appellant, the trial judge allowed the prior direct and cross examination of this witness to be read into the record rather than continue the trial. Under these circumstances this testimony was authorized by Code § 38-314 and no abuse of discretion has been shown in allowing it. *Rini v. State,* 236 Ga. 715 (1 a) (225 SE2d 234) (1976); *LaCount v. State,* 237 Ga. 181, 182 (1) (227 SE2d 31) (1976).

2. The deceased died on March 12, 1975, but the death certificate was not filed with the local registrar until April 21, and was not signed by the medical examiner until April 23. Relying on Code Ann. § 88-1715 (a), which requires that a death certificate be filed with the registrar of the district within which the death occurred within 72 hours after such death, the insurer objected to its admission in evidence, and enumerates its allowance as error.

However, in this case an autopsy was requested by the investigating officer, and the filing of the death certificate is therefore controlled by the provisions of the Post Mortem Examinations Act, Ch. 21-22 of the Georgia Code, which states: "When any person shall die in any county in this State as a result of violence, or by suicide, or by casualty, or suddenly when in apparent health, or when unattended by a physician, or in any suspicious or unusual manner, it shall be the duty of any law enforcement officer, or other person having knowledge of such death, to notify the coroner of the county wherein the body is found or death occurs." Code Ann. § 21-208. When,

as here, "inquiry is required by the Post Mortem Examinations Act, the proper person shall investigate the cause of death and shall complete and sign the medical certification portion of the death certificate *within a reasonable time* after being notified of death." Code Ann. § 88-1715 (d). (Emphasis supplied.)[1]

A medical examiner acting under the Post Mortem Examinations Act is a public officer (Code Ann. § 21-202 (4)), "and all public officers are presumed to discharge properly the duties of their office." *Birt v. State,* 127 Ga. App. 532, 533 (194 SE2d 335) (1972) and cits. In the absence of any allegations or evidence to the contrary, having shown that an autopsy was requested, it must be presumed that a full and proper autopsy was performed, that the medical officer properly signed and filed the death certificate, and that it was done within a "reasonable time" as required by the statute. See *Land v. State,* 103 Ga. App. 496, 499 (2) (119 SE2d 809) (1961).

3. For the reasons given in the prior appeal, the insurer's motion for directed verdict was correctly overruled. *National Life &c. Ins. Co. v. Fender,* 144 Ga. App. 6, 8 (1), supra. A jury question was properly raised and the evidence is sufficient to support the verdict.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JUNE 8, 1978 — DECIDED JULY 3, 1978.

*Young, Young, Ellerbee & Clyatt, O. Wayne Ellerbee,* for appellant.
*Jack W. Carter,* for appellees.

---

[1] This provision (Ga. L. 1964, pp. 499, 589; pp. 617, 618) amended the former Code section which was involved in *Liberty Nat. Life Ins. Co. v. Power,* 112 Ga. App. 547 (145 SE2d 801) (1965) cited by appellees as controlling, and that case is therefore inapplicable.